IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Juan Williams (#2015-0811153), <br><br> Plaintiff, <br><br> v. <br><br> Officer Matthew R. Heinen Star – 5961, Officer Michael J. McClintock Star - 8225, and Officer Jane Doe, <br><br> Defendants. | Case No.  17 cv 2910 <br><br> Judge Robert W. Gettlemen |

## FIRST AMENDED COMPLAINT

Plaintiff Juan Williams, by and through his attorneys, Schiff Hardin LLP, states as follows against Defendants Officer Matthew R. Heinen Star-15961 ("Officer Heinen), Officer Michael J. McClintock Star-8225 ("Officer McClintock"), and Officer Jane Doe, sued in their individual capacities (collectively "Defendants"):

### NATURE OF THE ACTION

1. This is a civil action for monetary damages brought pursuant to 42 U.S.C. § 1983 because Defendants violated Mr. Williams' constitutional rights by their unlawful use of force, false arrest, and failure to provide medical care. Mr. Williams suffered unreasonably and unnecessarily after being abused during his unlawful arrest. When taken into custody, Officers Heinen, McClintock, and Doe refused to provide Mr. Williams with medical care, despite Mr. Williams repeated requests. These actions were in violation of Mr. William's rights under the Fourth and Eighth Amendments to the United States Constitution, made applicable to the states by the Fourteenth Amendment. U.S. Const. Amends. IV, VIII, and XIV.

## PARTIES

2. Plaintiff Juan Williams is a 28 year old man, currently in custody at the Cook County Department of Corrections ("CCDOC").

3. At all times relevant to the events at issue, Officer Matthew R. Heinen Star – 5961, Officer Michael J. McClintock Star – 8225, and Officer Jane Doe were employed by the Chicago Police Department as police officers and acted under the color of law.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and the Eighth Amendment to the United States Constitution.

5. Venue is proper under 28 U.S.C. § 1391(b). All or a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. On the evening of June 9, 2015, Mr. Williams was sitting on a porch near the corner of Peoria Street and 75th Street with three other men. Officers Heinen and McClintock pulled up to the porch in a squad car.

7. When Defendants' police car pulled up, one of the men left the porch. Officers Heinen and McClintock got out of their car and began pursing that man. Mr. Williams left the porch and began walking down the street.

8. About fifteen minutes later, Officers Heinen and McClintock approached Mr. Williams as he was walking down the street. Officers Heinen and McClintock asked Mr. Williams for the name of the man who fled the porch. Mr. Williams only gave the Officers' the man's nickname.

9. Officers Heinen and McClintock told Mr. Williams that if he did not provide the man's legal name, they would arrest him and charge him with unlawful possession of a firearm.

10. Officer McClintock grabbed Mr. Williams' wrist, and Mr. Williams pulled away. Officer McClintock again grabbed Mr. Williams, this time pushing him to the ground. Officer McClintock shoved Mr. Williams face into the concrete, gashing Mr. William's lip and chipping his tooth.

11. Officer Heinen kicked Mr. Williams twice while Officer McClintock held Mr. Williams on the ground. Officer McClintock then handcuffed Mr. Williams and drove him to the Sixth District Police Station.

12. Officers Heinen and McClintock later alleged that Mr. Williams had been in possession of a gun at the scene of the incident, charging Mr. William's with unlawful possession of a firearm.

13. Mr. Williams was not in possession of a firearm at the time of his arrest. Instead, Officers Heinen and McClintock had already obtained a firearm owned by one of the other men on the porch.

14. At the police station, Officer Jane Doe questioned Mr. Williams and asked him about the gun. Mr. Williams asked Officer Jane Doe for an ambulance and medical attention. Officer Jane Doe refused to provide the requested medical care unless Mr. Williams signed a statement admitting to the gun possession.

15. Mr. Williams then asked Officers Heinen and McClintock for an ambulance and medical attention while the Officers were processing his arrest. They refused to provide any medical care.

16. Mr. Williams did not receive any medical care while in custody, despite his numerous requests, and he was left overnight in a cell without receiving any medical attention.

## COUNT I
### Excessive Use of Force
### Fourth Amendment to the United States Constitution
### Officer Heinen and Officer McClintock

1. Plaintiff incorporates into this Count I the paragraphs 1-16 set forth above, as if fully set forth in this Paragraph 1 of Count I.

2. At all relevant times, Defendants Heinen and McClintock were acting under the color of state law.

3. The Fourth Amended to the United States Constitution prohibits unlawful search and seizure, including the unnecessary force used in effectuating the arrest. An officers use of force in unconstitutional when an officer uses greater force than reasonably necessary to make an arrest.

4. Defendants Heinen and McClintock used greater force than reasonably necessary when arresting Mr. Williams by slamming Mr. William's face into the concrete and kicking him while he was already being held on the ground.

5. Under these circumstances, a similarly-situated officer, carrying out his duties in a lawful manner, would not have acted in this way during the arrest.

6. As a result of the excessive force used by the Defendants Heinen and McClintock, Mr. Williams suffered unnecessary pain and injury, including a permanent scar on his leg and a chipped tooth.

## COUNT II
## False Arrest
## 42 U.S.C. §1983 & Fourth Amendment to the United States Constitution
## Officer Heinen and Officer McClintock

1. Plaintiff incorporates into this Count II paragraphs 1-6 set forth above in Count I, as if fully set forth in this Paragraph 1 of Count II.

2. Pursuant to 42 U.S.C. §1983 & Fourth Amendment to the United States Constitution, Mr. Williams has the right to be free from unlawful arrest. An arrest is unlawful when the officer lacks probable cause to arrest a citizen.

3. Officers Heinen and McClintock did not have sufficient facts to believe that Mr. Williams was committing, had committed, or was about to commit a crime when they arrested Mr. Williams on June 9, 2015.

4. Officers Heinen and McClintock falsely alleged that Mr. Williams was unlawfully in possession of a gun after Mr. Williams was unable to provide them with the information that the Officers sought.

5. Defendants Heinen and McClintock lacked probable cause to arrest, and therefore falsely arrested Mr. Williams.

6. Under these circumstances, a similarly-situated officer, carrying out his duties in a lawful manner, would not have responded in this way.

7. Defendants' conduct was willful, wanton, malicious, and in reckless disregard of Mr. Williams' rights under Section 1983.

8. Because of Defendants' false arrest, Plaintiff has suffered unnecessarily.

## COUNT III
### Failure to Provide Medical Care
### 42 U.S.C. § 1983
### Officer Heinen, Officer McClintock, and Officer Jane Doe

1. Plaintiff incorporates into this Count III paragraphs 1-8 set forth above in Count II, as if fully set forth in this Paragraph 1 of Count III.

2. Pursuant to 42 U.S.C. § 1983, based on the Eighth Amendment, Mr. Williams has a right to adequate access to medical care.

3. Officers Heinen and McClintock violated Mr. William's Eighth Amendment right by failing to prove medical care after injuring Mr. Williams during his arrest.

4. After the arrest, Mr. Williams was bleeding from his mouth and leg. Mr. Williams' face was swollen, and he suffered a headache and chipped tooth from the force used during his arrest.

5. Mr. Williams asked Officer Jane Doe for medical attention and an ambulance while being questioned at the police station.

6. Mr. Williams asked Officers Heinen and McClintock for medical attention a second time while he was at the police station.

7. Defendants Heinen, McClintock, and Doe did not call an ambulance, nor provide any access to medical care. Rather, Mr. Williams was left overnight without receiving any medical care for the injuries caused by Defendants Heinen and McClintock.

8. Under these circumstances, a similarly situated officer, acting in a lawful manner, would not have denied Mr. Williams medical care.

9. By denying Mr. Williams access to adequate medical care, Defendants Heinen, McClintock, and Doe acted with deliberate indifference, causing Mr. Williams to suffer.

10. But for Defendants Heinen, McClintock, and Doe's failure to provide Mr. Williams access to medical care, his unreasonable pain and suffering would have been avoided.

11. Defendants' conduct was willful, wanton, malicious, and in reckless disregard of Mr. Williams' rights under the Eighth Amendment.

12. Mr. Williams has been harmed as a result of Defendants' conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Juan Williams respectfully requests that this Court enter a judgment in his favor and against Defendants Heinen, McClintock, and Doe, and grant Mr. Williams:

A. A declaration that the acts and omissions described herein violated Mr. Williams's rights under the Constitution;

B. Compensatory damages in an amount to be determined at trial against each Defendant jointly and severally for the suffering that Mr. Williams has suffered and continues to suffer;

C. Punitive damages in an amount to be determined at trial against each Defendant;

D. Mr. Williams' costs in this suit, including reasonable attorney's fees incurred; and

E. Any additional relief this Court deems just, proper, and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: August 28, 2017 By: /s/ Francis X. Lyons

Francis X. Lyons
IL Bar No. 6199617
Hannah Ruth Roberts
IL Bar No. 6324563

Schiff Hardin LLP
233 South Wacker Drive
Suite 7100
Chicago, IL 60606
Ph: 312.258.5500

*Attorneys for Plaintiff Juan Williams*

## CERTIFICATE OF SERVICE

I hereby certify that I am counsel of record for Plaintiff Juan Williams, and have arranged for the Amended Complaint to be served upon Officer Matthew R. Heinen and Officer Michael J. McClintock.

        /s/ Francis X. Lyons
        Francis X. Lyons